No. _____

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT WASHINGTON
# AT TACOMA

_____

**DANIEL MOODY,**
Petitioner,

v.

**JAMES OBENLAND,**
Respondent.

_____

**PETITION FOR WRIT OF HABEAS CORPUS**

_____

Jeffrey Erwin Ellis
*Attorney for Mr. Moody*
Law Office of Alsept & Ellis
621 SW Morrison St., Ste 1025
Portland, OR 97205
JeffreyErwinEllis@gmail.com

**PETITION FOR WRIT OF HABEAS CORPUS**

Daniel Moody, who was convicted in Pierce County Superior Court and is serving a sentence imposed in that judgment (Case No. 17-1-02109-3), respectfully requests that this Court issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Mr. Moody (DOC # 402250) is currently confined at the Twin Rivers Unit at the Monroe Correctional Complex in Monroe, Washington. This is his first petition for a writ of habeas corpus.

**STATEMENT OF THE CASE**

On May 31, 2017, the State filed an Information charging Daniel Moody with Attempted Rape of a Child, Commercial Sex Abuse, and Communicating with a Minor for Immoral Purposes. The charges arose from a sting operation where a police officer posed as a child.

On September 13, 2017, the State amended the Information and Moody pleaded guilty to two counts Child Molestation in the Second Degree, as well as the Commercial Sex Abuse and Communication with a Minor. The child molestation charges were identical, except that the second count stated that the unnamed (and fictitious) child was alleged to be a different person. There were no facts to support those charges. Mr. Moody's guilty plea stated:

The judge has asked me to state what I did in my own words that makes me guilty of this crime. This is my statement: IN MAY OF 2017 I AGREED TO PAY MONEY IN EXCHANGE FOR SEX WITH TWO FICTICIOUS CHILDREN UNDER THE AGE OF 12 IN PIERCE COUNTY, WA. IN ANTICIPATION OF THIS, I COMMUNICATED BY TEXT MESSAGE WITH ONE OF THE FICTICIOUS CHILDREN ABOUT MY INTENTIONS. I AM PLEADING TO COUNTS I & IV PURSUANT TO IN RE BARR. I DROVE TO AN AGREED LOCATION WITH INTENT TO HAVE SEX WITH THE FICTICIOUS CHILDREN, WHERE I WAS ARRESTED.

[XX] In addition to making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea.

The plea agreement also included a stipulation to an exceptionally lengthy term of community custody. In addition to lengthy periods of incarceration that were equal to or nearly equal to the statutory maximum, the parties were bound to recommend an additional 36-month community custody term. However, Moody was not told that the combined term of incarceration plus community custody could not exceed the statutory maximum.

Moody was sentenced on November 15, 2017 in accordance with the plea agreement.

On January 4, 2018, with no notice to Moody, the judgment was amended by reducing the term of community custody (because the total sentence exceeded the statutory maximum) by an order signed by counsel.  Because Moody was not given notice or otherwise informed, he

was not given an opportunity for him to withdraw his guilty plea. Mr. Moody also was not served with a copy of the order amending his judgment.

Mr. Moody filed a state post-conviction petition (called a Personal Restraint Petition or PRP) on November 15, 2018. Attached to his PRP, Moody explained in a sworn declaration:

> 2. When I pleaded guilty, I was not told that the combination of a term of imprisonment and community custody could not exceed the statutory maximum for the crime.
>
> 3. After I was sentenced according to the plea agreement, I was not told that my judgment was amended.
>
> 4. I was not given notice and was not asked if I wanted to withdraw my guilty plea.
>
> 5. If I was (sic) asked, I would have withdrawn my guilty plea.

The Court of Appeals dismissed the petition without conducting an evidentiary hearing and the Washington Supreme Court denied review on September 9, 2020. The Certificate of Finality was issued the next day—on September 21, 2020. The last reasoned state court decision was the Washington Supreme Court Commissioner's *Ruling Denying Review*.

3

## ARGUMENT

**I.   Mr. Moody's Guilty Plea Violated Due Process**

It was uncontested in state court that Mr. Moody was given material misinformation when he pleaded guilty. In fact, the judge, prosecutor, and defense attorney all acknowledged that Moody had been misled when they entered an order correcting Moody's *Judgment*.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief on a claim adjudicated on its merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The term "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003); see also *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)("clearly established Federal law" consists of holdings, not dicta, of Supreme

4

Court decisions "as of the time of the relevant state-court decision"). However, federal circuit law may still be persuasive authority in identifying "clearly established" Supreme Court law or in deciding when a state court unreasonably applied Supreme Court law. See *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011).

A state court decision is "contrary to" clearly established federal law if the decision applies a rule that contradicts the governing Supreme Court law or reaches a result that differs from a result the Supreme Court reached on "materially indistinguishable" facts. *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam); *Williams, supra*, 529 U.S. at 405-06; see also *Cullen v. Pinholster*, supra ("To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court.").

When a state court decision adjudicating a claim is contrary to controlling Supreme Court law, the reviewing federal habeas court is "unconstrained by § 2254(d)(1)." *Williams, supra*, 529 U.S. at 406. However, the state court need not cite the controlling Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early, supra*.

5

When a state court decision is found to be contrary to or an unreasonable application of clearly established Supreme Court law, a federal habeas court "must then resolve the [constitutional] claim without the deference AEDPA otherwise requires." *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007); see also *Williams, supra*, 529 U.S. at 406 (when a state court decision is contrary to controlling Supreme Court law, a federal habeas court is "unconstrained by § 2254(d)(1)"). In other words, if a § 2254(d)(1) error occurs, the constitutional claim raised must be considered *de novo. Frantz v. Hazey*, 513 F.3d 1002, 1012-15 (9th Cir. 2008); see also *Rompilla v. Beard*, 545 U.S. 374, 390 (2005).

A guilty plea "operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969).

For a plea to be knowing, intelligent and voluntary, the defendant must be advised of the direct, but not the collateral, consequences of the plea. *Brady, supra*, 397 U.S. at 755; *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988); see

6

also *Bargas v. Burns,* 179 F.3d 1207, 1216 (1999) ("A trial court is not required to inform a defendant of all of the consequences of his plea; instead this Court only will find a due process violation where the trial court failed to inform a defendant of the *direct* consequences of his plea, as opposed to the collateral consequences." (italics in original)). A direct consequence is one that has "a definite, immediate and largely automatic effect on the range of the defendant's punishment[.]" *Torrey v. Estelle, supra,* 842 F.2d at 236 (citation omitted). "Before a court may accept a defendant's guilty plea, the defendant must be advised of the 'range of allowable punishment' that will result from his plea," including "the maximum punishment provided by law." *Id.* at 235-36 (citations omitted); see also *Little v. Crawford,* 449 F.3d 1075, 1080 (9th Cir. 2006) ("The essential ingredient is notice of 'the maximum possible penalty provided by law.'") (citation omitted).

The relevant inquiry is whether Petitioner's guilty plea was voluntary and intelligent under the totality of the circumstances. See *North Carolina v. Alford,* 400 U.S. 25, 25, 31 (1970); *Brady, supra,* 397 U.S. at 742.

"A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing." *Little v. Crawford, supra* (citing *Parke v. Raley*, 506 U.S. 20, 31-34 (1992)).

In *Hill v. Lockhart*, 474 U.S. 52, 57 (1984), the inquiry with respect to "prejudice" is whether there is a reasonable probability that, but for the misinformation, he would not have pleaded guilty and would have insisted on going to trial.

## II. <u>Mr. Moody was Denied His Constitutional Right to Notice</u>

The second constitutional violation occurred when the decision was made to correct the *Judgment* when Moody was denied notice and as a result was not allowed the right to decide whether the misinformation was material and, if so, to withdraw his guilty plea. Under *McCoy v. Louisiana*, ___ U.S. __ , 138 S.Ct. 1500, 200 L.Ed.2d 821 (2018), Mr. Moody was denied his constitutional right when a decision that was his to make was made on his behalf. See also *Brookhart v. Janis*, 384 U.S. 1 (1966); *State v Barlow*, 419 N.J.Super. 527, 17 A.3d 843 (2011) (defendant was deprived of his constitutional right to counsel when his counsel refused to follow his direction to file a motion to withdraw his guilty plea; implicit in the obligation to abide by defendant's decision on entering a plea is the obligation to also abide on his decision to withdraw a plea after it is entered). A violation

of a defendant's Sixth Amendment-secured autonomy ranks as error of the kind that the United States Supreme Court's decisions have called "structural"; when present, such an error is not subject to harmless-error review. *McCoy*, 138 S. Ct. at 1511.

## CONCLUSION AND PRAYER FOR RELIEF

Mr. Moody respectfully requests that this Court issue a writ of habeas corpus to the end that he may be discharged from his unconstitutional restraint or to grant such other relief as may be appropriate and to dispose of the matter as law and justice requires.

DATED this 3rd day of October 2020

Respectfully Submitted:
/s/Jeffrey E. Ellis
Jeffrey E. Ellis WSBA# 17139
*Attorney for Mr. Moody*
Law Office of Alsept & Ellis
621 SW Morrison St. Ste. 1025
Portland, OR 97205
JeffreyErwinEllis@gmail.com