UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL MOODY,<br><br>                    Petitioner,<br>          v.<br><br>JAMES OBENLAND,<br><br>                    Respondent. | CASE NO. 3:20-cv-05984-TL-TLF<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Theresa L. Fricke. Dkt. No. 11. Having reviewed the Report and Recommendation, Petitioner Daniel Moody's Objections to Report and Recommendation (Dkt. No. 12), Respondent's Response to Objections to Report and Recommendation (Dkt. No. 13), and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

Mr. Moody's objection focuses on a single issue: whether the guilty plea statement misadvised him regarding the maximum punishment he might receive. As discussed in the Report and Recommendation, Mr. Moody presented this argument to the Washington State Supreme Court. Dkt. No. 11 at 9; Dkt. No. 11-2 at 2. The Washington Supreme Court acknowledged that it was undisputed that Mr. Moody was not informed that the community custody terms for his convictions were limited by the statutory maximums and, therefore, the specified terms of his community custody were wrong. Dkt. No. 11-2 at 2. But as Mr. Moody recognized in his petition, the sentencing court corrected this error by amending the judgment and *reducing* the term of community custody. Dkt. No. 1 at 3. Therefore, while there was an error in the information he was provided at the time of his plea, Mr. Moody ultimately received a lawful sentence on more favorable terms than had been set out in the guilty plea statement. The Washington Supreme Court held that since his challenge to his guilty plea was a collateral one, he was required to demonstrate he was actually and substantially prejudiced by the sentencing misinformation. Dkt. No. 11-2 at 2 (citing *State v. Buckman*, 190 Wn.2d 51, 60 (2018)). The Washington Supreme Court went on to state that "[Mr. Moody] baldly asserts that he would not have pleaded guilty had he been accurately informed of the community custody terms. This is not a sufficient showing of prejudice [under *Buckman*]." Dkt. No. 11-2 at 2.

Federal court review of a state court decision on a habeas corpus petition is limited by statute. Federal courts must defer to a state court's decision for claims that were adjudicated on

the merits unless the state court ruling resulted in a decision that was (1) contrary to, or involved an unreasonable application of, clearly established Federal law or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). For the reasons stated in the Report and Recommendation, the Court agrees that Mr. Moody fails to meet either of these requirements.

For the foregoing reasons, the Court hereby ORDERS:

1. The Report and Recommendation is APPROVED and ADOPTED.
2. Petitioner's objections are OVERRULED, and Petitioner's federal habeas corpus petition is DISMISSED with prejudice.
3. In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.
4. The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Theresa L. Fricke.

Dated this 15th day of August 2022.

Tana Lin
United States District Judge